UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGEL GABRIEL FLAMENCO POSADA, | Case No. 2:26-cv-01659-TMC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN NORTHWEST ICE PROCESSING CENTER, et al., | |
| Respondents. | |

## I.    INTRODUCTION

Before the Court is self-represented Petitioner Angel Gabriel Flamenco Posada's petition for writ of habeas corpus. Dkt. 1. Petitioner argues that his prolonged detention violates the Fifth Amendment's Due Process Clause and seeks relief from physical custody or a bond hearing. *Id*. ¶ 78. For the reasons set forth below, the Court DENIES the petition.

## II.    BACKGROUND

Petitioner is a citizen of El Salvador who was detained by U.S. Customs and Border Patrol ("CBP") after he entered the U.S. without inspection on June 13, 2024. Dkt. 8 ¶ 4. Respondents served Petitioner with a Notice and Order of Expedited Removal pursuant to Section 235(b)(1) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). *Id*. On

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

July 11, 2024, Respondents served Petitioner with a Notice to Appear ("NTA") charging him as removeable under Section 212(a)(6)(A)(i) of the INA for entering the United States without being admitted or paroled. *Id.* ¶ 5. On July 17, 2024, Respondents then released Petitioner on Interim Parole pursuant to Section 212(d)(5)(A) of the INA. *Id.* ¶ 6. Respondents placed Petitioner on an Alternative to Detention ("ATD") program that imposed conditions on Petitioner's release and subjected him to electronic monitoring. *Id.*

On July 17, 2025, Petitioner pled guilty to Reckless Driving and received a suspended sentence of 364 days of jail with 24 months of monitored unsupervised probation. *Id.* ¶ 7. On January 8, 2026, Respondents detained Petitioner during an in-person check-in where they "discovered that Petitioner had pled guilty to a crime in Washington State, which violated the conditions of his release." *Id.* Petitioner requested release on bond from an Immigration Judge ("IJ"), who denied the request on the basis that he was subject to mandatory detention under Section 235 of the INA (8 U.S.C. § 1225(b)(2)). Dkt. 9-5. In the alternative, the IJ ruled that Petitioner was ineligible for release on bond because he had failed to show that he was not a flight risk or danger to the community. *Id.*

Petitioner first filed a petition for writ of habeas corpus in this District on February 24, 2026, in a case before Judge Ricardo S. Martinez. *Flamenco Posada v. Scott*, 2:26-cv-00658-RSM (W.D. Wash.) ("*Flamenco Posada I*"), Dkt. 1. Petitioner challenged the IJ's bond decision, arguing that Respondents initially (and incorrectly) stated that he had *two* criminal convictions for driving under the influence, rather than "one DUI that was reduced to reckless driving." *Flamenco Posada I*, Dkt. 13 at 1. On April 21, 2026, Judge Martinez denied habeas relief, finding that Petitioner was likely subject to mandatory detention under 8 U.S.C. § 1225(b) and received "adequate procedural protections upon revocation of his parole status." *Flamenco Posada I*, Dkt. 15 at 3. Judge Martinez continued:

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

Petitioner has failed to demonstrate that the bond decision constitutes legal error. His sole argument as to this point appears to be that the IJ was told that he had two DUI convictions when he had only one DUI, reduced to reckless driving. However, based on the thin record before the Court, it is not possible for the Court to conclude that the IJ erroneously relied on false information or that the denial of bond was legally incorrect based solely on the reckless driving conviction. Petitioner may disagree with that decision, but "this Court does not have jurisdiction to sit as an appellate body over this [factual] issue." *Valenzuela v. Semaia*, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025). Any "erroneous factual determinations and evidentiary errors" by the immigration judge are reviewable by the Board of Immigration Appeals, and Petitioner has reserved the right to appeal. *Martinez v. Scott*, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025). Accordingly, the Court concludes that Petitioner has failed to demonstrate that his detention is unlawful by a preponderance of the evidence, and he is not entitled to habeas relief.

*Id*. at 4.

On May 12, 2026, Petitioner filed the present petition. Dkt. 1. He claims that his detention violates the Due Process Clause because (1) Respondents' reliance on a nonexistent second DUI charge "materially affected the assessment of Petitioner as a danger to the community" and the IJ's bond determination; (2) he was denied a meaningful opportunity to present relevant evidence to the IJ during the bond determination hearing; and (3) his detention is arbitrary because he had previously complied with all reporting requirements and has "no criminal history indicating that he poses a threat to public safety." *Id*. ¶¶ 75–77. Respondents filed a return on May 29, and Petitioner filed a traverse on June 3. Dkts. 7, 10.

### III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### IV.    DISCUSSION

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

Respondents argue that the instant petition should be dismissed under the abuse of the writ doctrine because it is a second or successive petition. Dkt. 7 at 5. This Court agrees.

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McClesky v. Zant*, 499 U.S. 467, 470 (1991). The Court notes that the general bar against successive habeas petitions set forth in 28 U.S.C. § 2244 does not apply to a petition such as this one that is filed under § 2241. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("§ 2244(a) bars successive petitions seeking review of the propriety of a detention pursuant to a judgment of a court of the United States[,] and individuals . . . in custody pending the outcome of their immigration proceedings are not detained pursuant to a judgment of a court of the United States.") (internal quotation marks omitted). Rather than a hard-and-fast rule such as the one prescribed by § 2244, courts in the immigration context are guided primarily by whether a petitioner can "show cause for failing to raise" a claim in a prior petition. *See McCleskey*, 499 U.S. at 494; *Rosales-Garcia v. Holland*, 322 F.3d 386, 399 n. 15 (6th Cir. 2003) ("[A] petitioner must show cause for seeking review of the same claim twice—such as the discovery of new facts, or an intervening change in the law, that warrants reexamination of the same ground for relief raised in an earlier petition.").

Here, Petitioner recycles the same claims as his first petition. *Compare* Dkt. 1 ¶ 75 ("No second DUI charge exists . . . Because Petitioner's detention is based, at least in part, on false and unverified information, it violates the Due Process Clause") *with Flamenco Posada I*, Dkt. 1 at 2 (claiming he was "[d]enied bond based on false accusation of 2 DUI, supposed flight risk"). In his traverse, Petitioner argues that "[t]he prior habeas proceeding was decided on a materially different record" and that he has now obtained criminal history records, driving records, court documents, and declarations from his spouse and community members, among "other

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

corroborating documentation directly bearing upon the legality of Petitioner's continued detention." Dkt. 10 at 5. But Petitioner does not explain why this evidence could not have been included in his earlier petition. Perhaps more importantly, he does not explain how any new facts would compel a different conclusion than Judge Martinez's—that Petitioner failed to show "that the IJ erroneously relied on false information or that the denial of bond was legally incorrect based solely on the reckless driving conviction."[1] *Flamenco Posada I*, Dkt. 15 at 4.

Petitioner has not shown cause that would allow him to raise his claims in a second or successive petition. Accordingly, the instant petition is DENIED under the doctrine of abuse of the writ.

### V.   CONCLUSION

The petition for writ of habeas corpus (Dkt. 1) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of July, 2026.

Tiffany M. Cartwright
United States District Judge

---

[1] Nor does Petitioner address Judge Martinez's finding that a district court does not have jurisdiction to review "erroneous factual determinations and evidentiary errors" made by an IJ. *Flamenco Posada I*, Dkt. 15 (quoting *Martinez*, 2025 WL 2689844, at *5).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5